# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE EARL HOWELL,<br><br>    Petitioner,<br><br>    v.<br><br>KAMALA D. HARRIS,<br><br>    Respondent.<br>_____/ | 1:11-cv-01616-LJO-DLB (HC)<br><br>ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED<br><br>[Doc. 1] |

     Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     Petitioner filed the instant petition for writ of habeas corpus on September 23, 2011. Petitioner challenges a conviction from the Fresno County Superior Court of various vehicle code violations. Petitioner was sentenced to 14 years on April 2, 2011.

## DISCUSSION

     Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

I.      Failure to Name Proper Respondent

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency.  Id.

In this case, petitioner names Kamala D. Harris, the California Attorney General as Respondent.  Although Petitioner is currently in the custody of the California Department of Corrections, the California Attorney General cannot be considered the person having day-to-day control over Petitioner.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction.  Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2d Cir. 1976).  However, in this case, the Court will give petitioner the opportunity to cure his defect by amending the petition to name a proper respondent.  See, West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

II.     Exhaustion of State Court Remedies

In reviewing Petitioner's petition it is not clear what, if any, claims were exhausted in the California Supreme Court.

///

1  A petitioner who is in state custody and wishes to collaterally challenge his conviction by
2  a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).
3  The exhaustion doctrine is based on comity to the state court and gives the state court the initial
4  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501
5  U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.
6  1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

7  A petitioner can satisfy the exhaustion requirement by providing the highest state court
8  with a full and fair opportunity to consider each claim before presenting it to the federal court.
9  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,
10 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair
11 opportunity to hear a claim if the petitioner has presented the highest state court with the claim's
12 factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal
13 basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).
14 Additionally, the petitioner must have specifically told the state court that he was raising a
15 federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133
16 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court
17 violated his due process rights "he must say so, not only in federal court but in state court."
18 Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

19 Because it is unclear what, if any, claims presented in the instant federal petition for writ
20 of habeas corpus were exhausted in the state's highest court, Petitioner will be ordered to show
21 cause regarding exhaustion.  If possible, Petitioner should present to the Court documentary
22 evidence that the claims were indeed presented to the California Supreme Court.[1]

23 Based on the foregoing, it is HEREBY ORDERED that:
24 1. The Clerk of Court is directed to send Petitioner a blank § 2254 form petition;
25 2. Within thirty (30) days from the date of service of this order, Petitioner shall file

---

[1] A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion.  The proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.

       an amended petition.  Petitioner is advised that the document should be entitled "Amended Petition for Writ of Habeas Corpus" with a notation of the case number listed above.  Petitioner is further advised that the petition must set forth all of the claims, including all the facts and arguments in support of those claims.  Petitioner must allege constitutional violations which are cognizable on federal habeas review.   Finally, Petitioner must name a proper respondent in the Amended Petition; and

3.    The failure to comply with this order will result in a recommendation to dismiss the action for failure to comply with a court order.  Local Rule 110.

IT IS SO ORDERED.

**Dated:**   **October 17, 2011**                **/s/ Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE